IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANNA MARIE ABBOTT, on behalf of N.C.D., N.C.D. mother of deceased Clifford Anthony Durgan,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00014-TMB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [DKT. 17]; GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 5]; AND DENYING DEFENDANT'S MOTION TO STRIKE [DKT 19]** |

## I. INTRODUCTION

The matter comes before the Court on Defendant the United States' Motion to Dismiss All Claims Against the United States for Lack of Administrative Exhaustion and as Barred by the Statute of Limitations ("Motion to Dismiss").[1] After the Court issued two Orders to Show Cause,[2] Plaintiff Anna Marie Abbott filed a response, which the Court construes as an Opposition to the Motion to Dismiss ("Opposition").[3] The United States filed a Reply.[4] Plaintiff then filed an "Opposition Motion to Dismiss and Motion Leave to Amend Complaint" ("Motion to Amend") and Second Amended Complaint, to which the United States filed a Motion to

---

[1] Docket 5 (Motion to Dismiss).

[2] Dockets 13 (Order to Show Cause); 14 (Final Order to Show Cause).

[3] Docket 15 (Opposition).

[4] Docket 16 (Reply).

Strike.[5] The Motion to Dismiss is now fully briefed and the Motion to Amend is ripe for decision. The Court finds that the matter is suitable to disposition without oral argument. For the reasons discussed below, the Motion to Amend is **GRANTED**, the Motion to Dismiss is **GRANTED**, the Motion to Strike is **DENIED**, and this case is **REMANDED** to the state court.

## II. BACKGROUND

On August 16, 2019, Plaintiff filed a Complaint related to the death of her son, Clifford Anthony Durgan, in the Superior Court for the State of Alaska in Juneau, Alaska.[6] A week later, Plaintiff filed an "Amended Wrongful Death Complaint" ("Amended Complaint").[7] Mr. Durgan had passed away nearly two years before, on August 17, 2017.[8] Taken together, the Complaint and Amended Complaint raise wrongful death claims against various medical providers, healthcare entities, and Wildflower Court, a long-term nursing home.[9] With the exception of Wildflower Court, all other defendants are deemed federal employees

---

[5] Dockets 17 (Motion to Amend); 18 (Second Amended Complaint); 19 (Motion to Strike).

[6] Docket 1-1 (Complaint).

[7] Docket 1-2 (Amended Complaint).

[8] Docket 1-2 at 2.

[9] Dockets 1-1; 1-2.

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 2 of 13

who were acting within the scope of their employment at all times relevant to Plaintiff's allegations.[10]

Accordingly, on October 2, 2019, the United States, on behalf of the federal defendants, removed the action from state court to this Court.[11] On October 3, 2019, the United States filed the present Motion to Dismiss, arguing that Plaintiff failed to exhaust administrative remedies prior to filing this action.[12] The United States further argues that the time to file an administrative claim has passed.[13] The United States therefore moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's claims against the federal defendants for lack of jurisdiction.[14]

Hearing no response from Plaintiff, the Court issued an Order to Show Cause on December 13, 2019 and a Final Order to Show Cause on January 15, 2020.[15] The Orders advised that if Plaintiff failed to respond to the Motion to

---

[10] Docket 5 at 3.

[11] Docket 1 (Notice of Removal). To date, Wildflower Court has not made an appearance in this case.

[12] Docket 5 at 3–5.

[13] *Id.* at 5–7.

[14] *Id.* at 7.

[15] Docket 13 (Order to Show Cause); Docket 14 (Final Order to Show Cause).

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 3 of 13

Dismiss, the Court may dismiss this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with a court order.[16]

On January 21, 2020, the Court received Plaintiff's Opposition to the Motion.[17] The Opposition concedes that Plaintiff "erred in not filing with administration before" filing the action in state court.[18] Nonetheless, Plaintiff asserts that she "still filed [the Complaint] with Alaska Court System before the statutes of limitations had reached."[19] Plaintiff further explains that her "lack of understanding the courts procedures and lacking in representation has caused [her] error for not filing [her] complaint with administration first and the time spent in researching the laws terminology, law procedures and practices has caused [her] untimely filing answers responding to defendants motions."[20]

The United States' Reply disputes that Plaintiff's lack of understanding is enough to avoid dismissal.[21] The Reply repeats that this Court lacks jurisdiction over the claims, which Plaintiff concedes are unexhausted.[22] Moreover, the United

---

[16] *Id.*

[17] Docket 15.

[18] *Id.* at 1.

[19] *Id.*

[20] *Id.*

[21] Docket 16 at 2.

[22] *Id.*

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 4 of 13

States contends that any attempt to raise the claims administratively at this time would be futile.[23] Therefore, the United States argues all claims against the United States should be dismissed with prejudice.[24]

On February 19, 2020, Plaintiff filed the Motion to Amend.[25] In the Motion to Amend, Plaintiff states, "Motion to leave to amend complaint and proceed on negligence per se theory against Wildflower Court long-term nursing home and its entities. Dismissing defendants Southeast Regional Health Consortium and its providers Emily Bos and Keegan Jackson Alaska Native Medical Center and its providers Dr. Wells, Scoti Hinds and Roland Hurrel under Alaska Statute medical malpractice suit."[26] Plaintiff also acknowledges that there is no private right of action under what Plaintiff refers to as the "Federal Nursing Home Reform Act."[27]

### III. LEGAL STANDARD

As a threshold matter, the Court liberally construes Plaintiff's filings. When challenged by a motion to dismiss, *pro se* filings "must be 'liberally construed,' and 'however inartfully pleaded, must be held to less stringent standards than formal

---

[23] *Id.* at 2-3.

[24] *Id.* at 3.

[25] Docket 17.

[26] *Id.* at 2.

[27] *Id.*

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 5 of 13

pleadings drafted by lawyers . . . .'"[28] In doing so, courts must "use common sense in interpreting the frequently diffuse pleadings of pro se complainants."[29]

In this case, Plaintiff's Motion to Amend appears to dismiss all claims against the federal defendants and proceed only on a negligence claim against Wildflower Court, which is not a federal entity. Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order before the opposing party serves an answer or a motion for summary judgment or by stipulation of all parties who have appeared. An action may also be dismissed at the plaintiff's request by court order on terms that the court considers proper.[30]

In any event, the United States moves to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim upon which relief can be granted.[31] Under Rule 12(b)(1), it is the Plaintiff's burden to prove jurisdiction exists.[32] The Court must resolve the jurisdiction issue before

---

[28] *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1061 (D. Alaska 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[29] *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974).

[30] Fed. R. Civ. P. 41(a)(2).

[31] Docket 5.

[32] *Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). *See also Alaska v. Kerry*, 972 F. Supp. 2d 1111, 1120 (D. Alaska 2013); *Alaska v. Jewell*, No. 4:13-cv-00034-SLG, 2014 WL 3778590, at *2 (D. Alaska July 29, 2014).

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 6 of 13

determining whether the complaint states a claim under Rule 12(b)(6).[33] Moreover, as the Court has previously advised, this Motion to Dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.[34] Finally, a court is justified in dismissing without leave to amend "where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."[35]

## IV.    ANALYSIS

### A.    Plaintiff's Motion to Amend

As explained above, it appears Plaintiff seeks to voluntarily dismiss all federal defendants as well as her claim against Wildflower Court premised on federal nursing home regulations.[36] The United States has yet to file an answer or a motion for summary judgment. Accordingly, under Rule 41(a)(1), Plaintiff's

---

[33] *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

[34] Docket 12 at 2; Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

[35] *Nicdao*, 839 F. Supp. 2d at 1063 (quoting *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.2011)).

[36] *See* Docket 17 at 2.

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 7 of 13

Motion to Amend is **GRANTED** and the federal defendants and federal claim against Wildflower Court are **DISMISSED**.

B.    **The United States' Motion to Dismiss**

In the event Plaintiff's Motion to Amend has been misconstrued,[37] Plaintiff's claims against the federal defendants should nonetheless be dismissed, as discussed below.

    1.    **Application of the Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*, allows the United States to be sued for "certain torts of federal employees acting within the scope of their employment."[38] However, the FTCA sets forth procedures and deadlines a plaintiff must follow before filing a lawsuit in federal court. The FTCA requires a plaintiff file an administrative claim with the appropriate federal agency within two years of the claim's accrual.[39] The agency then has six months to make a final decision on the administrative claim.[40] Only after the agency issues

---

[37] Plaintiff's Second Amended Complaint at Docket 18 names "U.S." as a defendant in the caption and references individual federal employees in the factual background. As a result, it is unclear whether Plaintiff intended to dismiss the claims against the federal defendants.

[38] *United States v. Orleans*, 425 U.S. 807, 813 (1976).

[39] 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b).

[40] 28 U.S.C. § 2675(a).

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 8 of 13

a final denial, or fails to do so within six months, can a plaintiff file a complaint in federal court.[41]

## 2. The Court Must Dismiss the Claims Against the United States for Lack of Jurisdiction

The United States' Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction must be granted. The FTCA's administrative exhaustion requirement is jurisdictional and may not be waived.[42] That means, if a plaintiff has not exhausted the administrative claims process, a federal court does not have jurisdiction to hear the claims.[43] Here, the United States asserts and Plaintiff concedes that Plaintiff has not exhausted administrative remedies.[44] Therefore, Plaintiff cannot establish that jurisdiction is proper in this Court and the claims against the United States must be dismissed under Rule 12(b)(1).

In addition, the time to present administrative claims has passed and equitable tolling does not apply to extend the deadline. The two-year statute of limitations began running on Plaintiff's wrongful death claims the day Mr. Durgan

---

[41] *Id.*

[42] *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992)).

[43] *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (rejecting joinder of a party that has failed to exhaust its administrative remedies and thus has not satisfied the jurisdictional prerequisites of the FTCA).

[44] Dockets 5 at 4; 15 at 1.

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 9 of 13

died, August 17, 2017.[45] Even though Plaintiff filed this action in state court one day before the limitations period ended, as noted above, Plaintiff did not present an *administrative claim* during that time.[46] The pendency of this suit may offer tolling but only as to the one day left in the limitations period.[47] Plaintiff also does not argue and the circumstances do not appear to warrant equitable tolling to allow Plaintiff to file an administrative claim past the limitations period.[48] The Court is sympathetic to Plaintiff's lack of legal sophistication and inability to find counsel but those are not extraordinary circumstances that justify tolling.[49] Finally, a stay to allow administrative exhaustion is improper here. Once a court determines that it lacks jurisdiction, "the court must dismiss the action."[50] Therefore, the Plaintiff's claims against the United States must be dismissed without prejudice.[51]

---

[45] 28 U.S.C. § 2401(b).

[46] Docket 1-1.

[47] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period").

[48] In order to equitably toll the FTCA statute of limitations, a plaintiff must establish that (1) she has been diligently pursuing her rights and (2) that some extraordinary circumstances stood in the way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

[49] *See Peter v. United States*, No. 2014 WL 12605470, *4 (D. Alaska Dec. 17, 2014).

[50] Fed. R. Civ. P. 12(h)(3).

[51] Because Plaintiff filed this action one day before the statute of limitations expired, Plaintiff may still be able to file an administrative claim against the federal defendants. The Court does not take a position on whether the pendency of this action tolled the

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 10 of 13

Accordingly, the United States' Motion to Dismiss is **GRANTED**. Plaintiff has one day of the limitations period remaining to attempt to exhaust her administrative remedies. Therefore, the claims against the federal defendants are dismissed without prejudice.

**C.    The Court Must Dismiss the Claim Against Wildflower Court**

Plaintiff's Complaint and Amended Complaint raise claims against Defendant Wildflower Court, a long-term nursing home and not a federal defendant.[52] Plaintiff appears to allege that Wildflower Court violated the federal requirements for nursing facilities under 42 U.S.C. § 1396r, as well as several Alaska state statutes.[53] Plaintiff acknowledges and various courts have held that provisions of the Social Security statute, which includes 42 U.S.C. § 1396r, do not provide a private cause of action.[54] That means individuals cannot sue private nursing homes for alleged violations of 42 U.S.C. § 1396r. This is a defect that

---

limitations period in order to file such an administrative claim.

[52] *See* Dockets 1-1; 1-2.

[53] *Id.*

[54] Docket 17 at 2; *Davis v. Cal. Health and Human Serv. Agency*, No. C 00-CV-2532 SBA ADR, 2001 WL 1772763, at *1 (N.D. Cal. Aug. 21, 2001) (citing *Bumpus v. Clark*, 681 F.2d 679, 682 (9th Cir. 1982), *opinion withdrawn as moot*, 702 F.2d 826 (9th Cir. 1983); *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993); *Stewart v. Bernstein*, 769 F.2d 1088, 1092–94 (5th Cir. 1985); *Estate of Ayres v. Beaver*, 48 F. Supp.2d 1335, 1339–40 (M.D. Fla. 1999); *Nichols v. St. Luke Center of Hyde Park*, 800 F. Supp. 1564, 1567–68 (S.D. Ohio 1992)).

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 11 of 13

cannot be cured by amendment.[55] Regardless of Plaintiff's voluntary dismissal, Plaintiff's federal claim against Wildflower Court must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).[56]

## V.   CONCLUSION

Plaintiff's Motion to Amend at Docket 17 is **GRANTED**. The United States' Motion at Docket 5 is **GRANTED**. The United States' Motion to Strike at Docket 19 is **DENIED AS MOOT**. **IT IS FURTHER ORDERED**:

1. Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. As the presiding judge in this matter, the undersigned **VACATES** the stay in this case to allow entry of this Order;

2. All claims against the United States are **DISMISSED WITHOUT PREJUDICE**;

3. The claim based on 42 U.S.C. § 1396r against Defendant Wildflower Court is **DISMISSED WITH PREJUDICE**; and

---

[55] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

[56] *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 12 of 13

4. Because Plaintiff's federal claims are dismissed in this case, this Court does not have jurisdiction to hear the remaining claims that are based on Alaska state law.[57] Accordingly, the remaining claims against Wildflower Court are **REMANDED** to the Superior Court for the State of Alaska.

DATED this 10th day of April, 2020 at Anchorage, Alaska.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[57] *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction . . . if (3) the district court has dismissed all claims over which it has original jurisdiction.").

1:19-cv-00014-TMB, *Abbott v. United States, et al.*
Order Granting Plaintiff's Motion to Amend and Defendant's Motion to Dismiss
Page 13 of 13